# UNITED STATES v. ATCHISON, TOPEKA &c. RAIL-ROAD CO.

APPEAL FROM THE COURT OF CLAIMS.

No. 875.   Submitted February 20, 1878. — Decided April 8, 1878.

The mandate of this court in this case was fully complied with by the Court of Claims.

THE case is stated in the opinion of the court.

MR. JUSTICE FIELD delivered the opinion of the court.

The question originally involved in this case, and decided at the October Term of 1876, was whether the provision contained in the land grant to the company, that its road should be a public high-way for the use of the government of the United States, free from all toll or other charge for the transportation of its property and troops, not only entitled it to the free use of the road, but also to have the transportation made by the company without charge. The company claimed that the use of the road was all that could be required of it.   The government, insisting that it was also entitled to have such transportation without charge, refused compensation therefor, and referred the matter to the Court of Claims for determination.   That court estimated the cost of the transportation according to the ordinary tariff rates of the road with other parties for similar services, after making a deduction of one-third from the rates.   This deduction had been deemed by the War Department, upon careful consideration, to be the equivalent of any toll or charge for the use of the road itself, and upon that basis the services had been rendered.   But the judges of the Court of Claims, being equally divided upon the question of the liability of the United States to make any compensation, gave judgment *pro forma* in their favor against the company.   On appeal this court reversed the judgment, holding that the government was entitled only to the free use of the road, and that compensation must be made for the transportation, with a fair deduction for such use. The case was accordingly remanded with directions to enter a new decree awarding compensation with such deduction.

On the return of the case to the court below the claimant moved for judgment for the amount previously found according to the ordinary tariff rates less the deduction of one-third, as established by the War Department.   By agreement of the parties such judgment was entered, the government reserving the right to show that a judgment for that amount was not required by the mandate of

this court, and, if it should be so decided, to try the question as to what was a fair deduction.

On the subsequent hearing of the point reserved, which was had upon a motion to set aside the judgment, the opinions of eminent "railroad experts" were read, by stipulation of the parties, to show what would be a fair deduction from the ordinary tariff rates for the use of the road. There would seem to. have been some difference of opinion among the experts, but their evidence failed to show, in the opinion of the court, that the reduction agreed upon between the parties and the War Department was not a fair one. On the trial of the case it was not pretended by the claimant that the amount was arbitrarily fixed or that it was illegal or oppressive, or by the government that any greater reduction should have been made. Nor was the authority of the War Department to make an arrangement of this kind questioned, if under the law the government was liable for the transportation. If such authority do not now exist, as contended, under the subsequent legislation of Congress, and upon which point we express no opinion, there can be no doubt of its existence when the services were rendered for which compensation is claimed here.

We are of opinion that the mandate of this court was fully complied with by the Court of Claims, and its judgment is, therefore,

<em>Affirmed.</em>

*Mr. Attorney General* and *Mr. Assistant Attorney General Simons* for appellant.

*Mr. Thomas H. Talbot* for appellee.